**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANTHONY BRIAN MALLGREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   26-01182 (UNA) |
| | ) | |
| UNITED STATES OF AMERICA *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

This action brought *pro se* is before the Court on review of Plaintiff's complaint and application for leave to proceed *in forma pauperis*.  For the following reasons, the Court grants the application and dismisses the complaint.

Plaintiff, a resident of Bronx, New York, sues the United States, New York State and Governor Kathy Hochul, New York City and Mayor Zohran Mamdani, Texas and Governor Greg Abbott, President Donald J. Trump, this Court's Chief Judge James E. Boasberg, New York elected officials in both the U.S. House of Representatives and U.S. Senate, and the nine Justices of the U.S. Supreme Court.  Compl., ECF No. 1 at 2-4.  Plaintiff's allegations are difficult to follow.  He alleges that he sought assistance from "Texas authorities" and was told that "they could only assist [him] if it was related to medical or mental health;" that he "elected to go with the mental health route;" that he became disenchanted with the care he was receiving in Texas; that he had further difficulties relating to housing; that he contacted New York State officials and the New York Police Department to report "harassment," but those efforts proved unsuccessful; that he presumed that other officials, including Mayor Mamdani, Governor Hochul , Governor Abbott,

New York State representatives, Representative Ocasio- Cortez, and Senators Gillibrand and Schumer, would be "unresponsive;" "[t]here are multiple cases concerning exacerbating issues which are pending in the United States District Court [for] the District of Columbia, currently under the operational management of James E. Boasberg;" President Trump "has been informed of many of these and related issues and has seemingly chosen to remain effectively unresponsive;" and "[t]he remaining defendants are presumed to be effectively unresponsive." Dkt. 1 at 4-8.

Plaintiff seeks "specific performance" "prioritizing filings" in this Court and "requiring all states to enroll indigent patients in Medicaid; sweeping injunctive relief "against states" relating to homelessness and psychiatric treatment; "[s]pecific performance in the United States . . . addressing issues that have seemingly escalated outside the manes of local law enforcement" relating to "harassment;" and a declaration that impeachment proceedings may be commenced by the courts or by individuals who are not members of Congress. *Id*. at 8. Plaintiff states that "this complaint [is] being filed in the District of Columbia" because "[t]he Chief Judge of the Southern District of New York is committing egregious misconduct and correction is currently being stalled by the Second Circuit[.]" *Id*. at 1.

For a host of reasons, this Court lacks jurisdiction or authority to adjudicate Plaintiff's claims. To start, this district court cannot exercise jurisdiction over its sister court in New York or any other court and compel it to act, *see Klayman v. Rao*, 49 F.4th 550, 552 (D.C. Cir. 2022) (collecting cases); *In re Marin,* 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam), quoting *Panko v. Rodak*, 606 F.2d 168 (7th Cir. 1979) ("[I]t seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."), nor does this Court have jurisdiction to review the action (or inactions) of the Justices of the Supreme Court. In addition, sovereign immunity precludes a suit against the United States or the States of Texas and New York absent a

2

clear waiver of that immunity, *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (sovereign immunity of the United States); *Lane v. Pena*, 518 U.S. 187, 192 (1996) (same); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73 (2000) (Eleventh Amendment immunity). The "party bringing suit . . . bears the burden of proving" a waiver of sovereign immunity, *Tri-State Hospital Supply Corp. v. U.S.*, 341 F.3d 571, 575 (D.C. Cir. 2003), and Plaintiff refers to no waiver applicable to the United States or the States.

More generally, Plaintiff bears the burden of alleging facts sufficient to invoke the Court's jurisdiction, and his complaint fails to clear that hurdle. The Court cannot discern what, if any, claim Plaintiff intends to allege, and the allegations that he does include "are so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974). Claims that cross the line from "doubtful or questionable" to "essentially fictious" fall beyond the Court's jurisdiction. *Id.* Here, Plaintiff's allegations are disjointed and have no perceivable connection to the relief sought. They do not state (or even identify) a claim under federal law, which might support federal question jurisdiction, and they do not seek damages, which might (at least in theory) support diversity jurisdiction.

The Court will, accordingly, dismiss the action for lack of subject-matter jurisdiction.

A separate order will issue.

_____/s/_____
RANDOLPH D. MOSS
Date: July 30, 2026                    United States District Judge